SHIVERS, Judge.
Appellant Stonewall Insurance Company is an Alabama property and casualty insurance company licensed to do business in the State of Florida. Appellee Stonewall Casualty Company of West Virginia is a West Virginia property and casualty insurance company seeking to gain entry in the lucrative Florida property and casualty insurance market.
Appellee Stonewall applied for the requisite license to do business in Florida from the Florida Department of Insurance under the name “Stonewall Casualty Company.” Following objection to the appellee Stonewall’s use of the name by appellant Stonewall, the Department of Insurance held an evidentiary hearing from which it was determined that appellee Stonewall could not use the name “Stonewall Casualty Company” under the guidelines and considerations of Section 624.405, Florida Statutes. The hearing officer’s order indicated that if ap-pellee Stonewall added “of West Virginia” to its name, a subsequent application under the new name might be favorably received by the Department of Insurance.
Appellee Stonewall thereafter submitted an application to the Department of Insurance for a license under the name “Stonewall Casualty Company of West Virginia.” The Department of Insurance informed ap-pellee Stonewall that the name “Stonewall Casualty Company of West Virginia” would be available for licensing. Appellant Stonewall objected and requested a hearing as to whether “Stonewall Casualty Company of West Virginia” would be available for licensing in the State of Florida pursuant to Section 624.405. The hearing officer reviewed the transcript from the initial hearing and denied the request for a second hearing. The name “Stonewall Casualty Company of West Virginia” was ruled available for licensing in Florida by the Department of Insurance.
The record is clear that the issue as to whether appellee Stonewall could sufficiently distinguish its name from appellant’s name by adding “of West Virginia” to the name of “Stonewall Casualty Company” under Section 624.405, Florida Statutes, was not presented at the first hearing. Ap-pellee Stonewall and the Department of Insurance argue that the hearing officer’s review of the transcript from the first evi-dentiary hearing obviated the necessity for a second hearing. We disagree. We are of the opinion that appellant is entitled to a hearing on this issue.
Reversed and remanded for proceedings not inconsistent with this opinion.
McCORD, Acting C. J., and MASON, ERNEST E., Associate Judge, concur.